IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MAUREEN MAURER,                     §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §   NO. 4:05-CV-792-A
                                    §
AMERICAN AIRLINES,                  §
                                    §
            Defendant.              §

MEMORANDUM OPINION
and
ORDER

On November 3, 2006, defendant, American Airlines, Inc.,
("American"), moved for summary judgment on all claims asserted
by plaintiff, Maureen Maurer ("Maurer"), in this suit.  Having
considered the motion, the response, the reply, the summary-
judgment evidence, and the applicable legal authorities, the
court concludes that the motion should be granted as stated
below.

I.

Plaintiff's Claims

In this lawsuit, Maurer contends that American, in refusing
to promote her, is liable for (1) gender discrimination under
Title VII of the Civil Rights Act of 1964 ("Title VII"), 42
U.S.C. § 2000e et seq., and (2) age discrimination under the Age
Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et
seq..

II.

<u>The Motion for Summary Judgment</u>

First, American maintains that Maurer has failed to adduce any direct evidence of age discrimination.  Second, American concedes that she has established a <u>prima</u> <u>facie</u> case of both gender and age discrimination with circumstantial evidence. Nonetheless, American contends that it had a legitimate, non-discriminatory reason for not promoting Maurer and that she has failed to produce evidence that such reason was pretext for discrimination.

III.

<u>Facts</u>

The facts set forth below are undisputed in the summary judgment record:

Maurer began working for American in Chicago, Illinois in July of 1984.  She transferred to American's corporate office in Fort Worth, Texas in May of 1988.  At that time, her position was "Analyst-International Security" and she reported to Dave Divan ("Divan").  In 1990 Maurer was promoted to Senior Analyst-International Security and has remained in that position to the present.

Divan announced that he would be retiring in May of 2004. Before he officially retired, his responsibilities were split into two separate positions, one titled "Manager-International Security" and the other, the job at issue in Maurer's suit,

2

"Manager-ISP and Compliance".[1]   In February of 2004, American posted the opening for the Manager-ISP and Compliance ("Manager position") in its internal Career Opportunity System ("COS"). indicating Ann Dudley, Managing Director-Corporate Security, as the Hiring Manager.  David Vance ("Vance") replaced Dudley in April of 2004 and took over her responsibility of filling the vacancy being left by Divan's retirement.

After the Manager position was posted on COS, a list of the candidates who had applied for the job was created and Vance chose a group from that list who he considered to be the "most qualified," including Maurer.  Def.'s App. 63.   Those candidates then submitted a resume and were interviewed by a panel of American's managers.  Based on the candidates' resumes, answers to written questions, and oral interviews, the panel scored each candidate on a scale of 1 to 9 on the areas of: work experience, presentation, leadership, organizational skills, influence, general questions, and an overall score.  Vance then took the panel's evaluations and ranked them from first to last based on their scores.  The top four candidates were Van Zanden (total score of 186), Maurer (Total Score of 184), David Stewart (Total Score of 176), and Brandon Sorrell (total score of 174). Vance prepared a memo with each of the four candidates' strengths and weaknesses and discussed them with Peggy Sterling, Vice-

_____

[1] The position was later re-named Manager-International Regulatory Compliance.

3

President-Safety, Security, and Environmental.  Vance stated that

> [t]he top two things I sought from the person who would
> fill the job were: first, proven management experience;
> and second, the ability to bring a different
> perspective and operational experience to the job.
> After the interview process ... I determined that the
> person who the panel scored the highest for each of the
> two positions at issue was, in fact, the best suited
> for the job.  That person was selected in each
> instance.

Def.'s App. 64.

In May of 2004 American announced that Frank Van Zanden ("Van Zanden") had been selected for the Manager position ("May promotion").  Van Zanden did not fill the position and Vance began the process of filling the vacancy again by posting the Manager position in the COS.  He then followed the same procedure that was used to hire Van Zanden.[2]  In August of 2004, American announced that Jim Wilson ("Wilson") was selected for the position ("August promotion").  On both occasions, Vance gave as his reason for not selecting Maurer that she was not the most qualified for the job because she "lacked management experience" and that she would not be able to "bring a different perspective from operational experience to the job."  Def.'s App. 64-65.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a

---

[2] Following the panel's ranking for the August promotion, the top three candidates were Jim Wilson (total score of 245), Maurer (Total Score of 203), and Kevin Parlane (Total Score of 191).

matter of law.  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  <u>Anderson</u>, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994).  An issue is material only if its resolution could affect the outcome of the action.  <u>Anderson</u>, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

     The standard for granting a motion for summary judgment is

5

the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597.  See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A. Gender Discrimination Under Title VII

Absent direct evidence of gender discrimination as here,[3]  a plaintiff may rely on circumstantial evidence to establish her case, which, in turn, is analyzed under the evidentiary burden-shifting framework of McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973) as modified by Desert Palace, Inc. v. Costa, 530 U.S. 90 (2003); see Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004); see also Oden v. Oktibbeha County, 246 F.3d 458, 468 (5th Cir. 2001).  This framework requires plaintiff first to establish a prima facie case.  See McDonnell Douglas, 411 U.S. at 802.  In order to establish a prima facie case, Maurer must adduce evidence that (1) she was within a protected class, (2) she was qualified for the position sought, (3) she was not

_____

[3] Maurer does not contend that there is direct evidence of her alleged gender discrimination claim.

6

promoted, and (4) the position was filled by someone outside the protected class.  See Oden, 246 F.3d at 468.  If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions.  Id.  If the defendant meets this burden, then plaintiff must offer evidence sufficient to create an issue of material fact "'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).'" Id.  (quoting Rishel v. Nationwide Mut. Ins. Co., 297 F. Supp.2d 854, 865 (N.D.N.C. 2003).[4]

Because American concedes that Maurer has established a prima facie case of gender discrimination, it must articulate a legitimate, nondiscriminatory reason for rejecting Maurer for the position.  There is summary judgment evidence that a thorough process was used in choosing which applicant would fill the position and that American's reason for twice selecting someone other than Maurer was simply that she was not the most qualified applicant for the job.  See Price v. Federal Express Corp., 283 F.3d 715, 720 (5th Cir. 2002) (stating that selecting a more qualified applicant for a position is a legitimate,

---

[4] In analyzing American's motion for summary judgment, the court will only address the pretext alternative as Maurer did not assert that American's decisions were based on "mixed motives" nor has the court found any evidence of such motives in the summary-judgment record.

nondiscriminatory reason for non-selection of an employee
claiming discrimination).  Accordingly, American has met its
burden of expressing a valid reason for the non-selection.
Consequently, the inference of discrimination created by Maurer's
prima facie case "drops out" and the burden shifts to her to
prove American's supposed legitimate reason was actually a
pretext for discrimination.  See id. at 720.

     The burden having shifted back to Maurer, she must now
substantiate her claim of pretext through "evidence demonstrating
that discrimination lay at the heart of the employer's decision."
Id. (citing Rubenstein v. Adm'rs. of the Tulane Educ. Fund, 218
F.3d 392, 400 (5th Cir. 2000)).  Maurer's only evidence in this
regard is her subjective belief that Vance's stated factors
behind the decision on the promotion – i.e. management experience
and bringing a new perspective to the job – were a mere cover up
for his true discriminatory motive. An employee's subjective
belief about an employer's alleged animus is not, however, alone
sufficient to prove discriminatory intent.  See Byers v. Dallas
Morning News, Inc, 209 F.3d 419, 427 (5th Cir. 2000).  Further,
to the extent Maurer attempts to use her own qualifications as
evidence of discriminatory intent, she has failed to do this as
well.  Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 882 (5th
Cir. 2003)(stating that an employee must be "clearly better
qualified" to use her own qualifications as evidence of pretext).
There is evidence that both of the persons selected for the
position, Van Zanden and Wilson, possessed not only the qualities

of management experience and an outside perspective that Vance was looking for, but other relevant qualifications. There is no evidence that Maurer was "clearly better qualified." See id. at 882. In short, Maurer has failed to adduce summary judgment evidence that discrimination "lay at the heart" of American's employment decisions. See Price, 283 F.3d at 720. Therefore, her claim for gender discrimination must fail as a matter of law.

B. Age Discrimination under the ADEA

The ADEA provides that it is unlawful for an employer to discriminate "against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

1. Maurer Failed to Adduce Direct Evidence of Age Discrimination

The Fifth Circuit has stated that "[d]irect evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002)(citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1217 (5th Cir. 1995)). Maurer has failed to adduce direct evidence of discrimination. Even if Vance had made the remarks attributed to him by Maurer, including that Maurer and others "just had old ideas," the remarks would be insufficient to establish unlawful discrimination without any inferences. Plf.'s App. 81. Therefore, Maurer must rely on circumstantial evidence to survive summary judgment.

2. Maurer Failed to Adduce Circumstantial Evidence of Age

9

Discrimination

Because Maurer has not presented any direct evidence of age discrimination by American, the court must apply the three-step test from McDonnell Douglas, 411 U.S. at 802[5]; see also Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 896-97 (5th Cir. 2002). To establish a prima facie case, Maurer must show that: (1) she was not selected for promotion, (2) she was qualified for the position in question, (3) she is a member of a protected class (i.e. over the age of forty), and (4) she was replaced by someone outside the protected class or younger.  See Evans v. City of Houston, 246 F.3d 344, 350 (5th Cir. 2001).  American concedes that Maurer has met her burden in proving a prima facie case under the ADEA.

Once a plaintiff has established a prima facie case under the ADEA, the court's analysis of the claim is identical to that of a Title VII action.  See Rachid, 376 F.3d at 312. Accordingly, the court's earlier discussion of Maurer's Title VII gender discrimination claim is instructive. See supra Part V.A. First, American has asserted a legitimate and nondiscriminatory reason for not selecting Maurer for the position at issue.  There is no summary judgment evidence that she was the most qualified applicant for the job.  Thus, Maurer's age discrimination claim must also fail.

---

[5] The modified burden-shifting framework of McDonnell Douglas applies to ADEA claims just as it does to claims brought under Title VII.  See, e.g., Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (applying the McDonnell Douglas test to an ADEA claim).

VI.

<u>Order</u>

For the reasons discussed above, the court concludes that American's motion for summary judgment should be granted. Therefore,

The court ORDERS that all of Maurer's claims and causes of action against American in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED December 22, 2006.

                                        <u>  /s/ John McBryde                </u>
                                        JOHN McBRYDE
                                        United States District Judge